Jimmy Ray **SPARKMAN**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

No. 2006–SC–000303–MR.

Supreme Court of Kentucky.

April 24, 2008.

**668**

Randall L. Wheeler, Assistant Public Advocate, Department of Public Advocacy, Frankfort, KY, Counsel for Appellant.

Jack Conway, Attorney General of Kentucky, Jeffrey A. Cross, Assistant Attorney General, Criminal Appellate Division, Office of the Attorney General, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Chief Justice LAMBERT.

Following a one-day trial, a Pendleton Circuit Court jury found Appellant Jimmy Ray Sparkman guilty of one count of first-degree burglary, fourth-degree assault and violation of a protective order. Judgment was entered in accordance with the jury verdict. The conviction arose out of a violent incident at the home of Sparkman's estranged wife, Cory Bowman. Sparkman was sentenced to twenty years imprisonment. He appeals to this Court as a matter of right.[1]

■ Appellant raises but a single issue on appeal: that the trial court committed reversible error when it allowed the prosecutor to stand between Appellant and Bowman's two minor children when they testified at trial such that the children and Appellant could not see each other. Appellant claims that in so doing, the trial court violated KRS 421.350 as well as the Confrontation Clauses found in the federal and state constitutions. Because the trial court's error was harmless beyond a reasonable doubt, we affirm Appellant's conviction.

Before Bowman's children, J.W., age twelve, and D.S., age ten, testified at trial, the prosecution asked the court's permission to stand between the children and

---

1. Ky. Const. § 110(2)(b).

Appellant (their step-father) while he questioned them on direct examination. According to the prosecutor, his request was made at the behest of the children. The trial court granted the request over defense counsel's objection. During the questioning, the prosecutor stood close to the witness stand, positioning himself between each of the child witnesses and Appellant. He did not stand between them during cross-examination of J.W. and D.S. Appellant claims this manner of testimony on direct examination improperly denied him the ability to assess the children's credibility by observation of their demeanor.

The Sixth Amendment to the United States Constitution provides that a criminal defendant has the right "to be confronted with the witnesses against him." Similarly, the Kentucky Constitution, in section 11, states that the accused has the right "to meet witnesses face to face." Although the language of the two constitutional confrontation clauses is different, this Court has held that the underlying right is "basically the same." [2]

■ The United States Supreme Court has held that while face-to-face confrontation is preferred, the primary right secured by the Confrontation Clause is that of cross-examination.[3] Accordingly, the right to confront is not absolute and may be limited to accommodate legitimate competing interests.[4] One such exception has been approved by the Kentucky General Assembly in the form of KRS 421.350 concerning children called to testify in criminal proceedings regarding sexual and physical abuse that they suffered or witnessed.

KRS 421.350 provides that upon a showing of compelling need, a trial court may allow a child twelve years old or younger to testify via closed circuit broadcast or videotape outside the presence of the accused. "Compelling need" is defined as "the substantial probability that the child would be unable to reasonably communicate because of serious emotional distress produced by the defendant's presence." [5] The constitutionality of this statute has been upheld by this Court. We noted that the statute allows a trial court to strike a proper balance between three competing interests: a) the criminal accused's right to receive a fair trial; b) the child's right to testify without undue distress or intimidation; and c) the Commonwealth's interest in a truthful fact-finding process.[6]

In this case, it appears that the trial court did not fully comply with KRS 421.350. There was no finding of "compelling need" to justify impairing Appellant's ability to confront the witnesses against him. In fact, from the record it appears that there was not even an inquiry made to determine the effect conventional testimony would have upon J.W. and D.S. Furthermore, the manner in which the trial court permitted J.W. and D.S. to testify is not among the methods identified in the statute.[7] Preservation of the ability of the accused to "see and hear the witness and assess credibility by observation of the demeanor of the witness" was the key

---

2. *Com. v. Willis*, 716 S.W.2d 224, 227 (Ky. 1986).

3. *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980).

4. *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297. 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973).

5. KRS § 421.350(5).

6. *Willis*, 716 S.W.2d at 231.

7. "The court shall permit the defendant *to observe and hear* the testimony of the child ..." KRS § 421.350(2) (*emphasis added*).

reason this Court upheld KRS 421.350.[8] The manner of testimony allowed by the trial court in this case did not permit Appellant to make such observations. Accordingly, because there was no finding of compelling need and because the method of testimony was not within the parameters of KRS 421.350, we conclude that the trial court committed error when it allowed the prosecutor to stand between Appellant and the minor witnesses when they were giving testimony on direct examination.

■ Having acknowledged a Confrontation Clause violation, we must now review to determine whether the error was harmless beyond a reasonable doubt.[9] The record reflects that Appellant admitted at trial that he went to Cory Bowman's residence in knowing violation of the EPO against him. Furthermore, Appellant admitted striking Bowman and causing physical injury to her. Appellant's counsel acknowledged in his opening statement that the jury would find Appellant guilty of violating an EPO and of assault. Essentially, the only differences between the testimony of Appellant and the victim are the manner in which Appellant was alleged to have entered the victim's house and the number of times he struck the victim. Appellant testified that he entered using his key and struck the victim only one time. Bowman testified that she had changed the locks, and Appellant entered by breaking a window, whereupon he punched her repeatedly and choked her. J.W. and D.S.'s testimony tended to support their mother's version of events.

Appellant claims that but for the improper corroborative testimony of J.W. and D.S., the trial would have been a "swearing contest" between Appellant and Bowman, thus creating a substantial possibility that the result of the trial would have been different. However, a review of the record shows that argument to be untenable. First, even without the testimony of J.W. and D.S., there was overwhelming evidence to support the version of events described by the victim. Deputy Greg Peoples of the Pendleton County Sheriff's Department testified that when he arrived at Bowman's house, he saw bloody glass on the inside of the kitchen near a broken window indicating that force had been used to break into the house. Furthermore, through the testimony of the 911 operator and the 911 dispatcher, a copy of Bowman's emergency call was admitted into evidence. On the tape a frantic Bowman is heard to say that "he broke the glass" followed by sounds of a struggle. Bowman's neighbor Randy Hubbard also testified regarding the broken window. Furthermore, Hubbard said that he could hear a child screaming inside the house, "get off her" and "get off my mommy." Finally, Appellant seems to suggest that but for the error, the testimony of the child witnesses would not have existed, a conclusion with no reasonable basis.

Unlike the unpublished case cited by

---

8. *Willis*, 716 S.W.2d at 228.

9. *Greene v. Com.*, 197 S.W.3d 76, 82 (Ky. 2006); *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967); *see also Coy v. Iowa*, 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988) ("The State also briefly suggests that any Confrontation Clause error was harmless beyond a reasonable doubt under the standard of *Chapman v.* *California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967). We have recognized that other types of violations of the Confrontation Clause are subject to that harmless-error analysis, *see e.g., Delaware v. Van Arsdall*, 475 U.S., at 679, 684, 106 S.Ct., at 1436, 1438, and see no reason why denial of face-to-face confrontation should not be treated the same.").

Appellant[10], neither of the child witnesses was the "key witness" against Appellant. Furthermore, beyond speculating that Appellant's sentence might have been shorter had he been able to see J.W. and D.S. during their testimony, Appellant does not identify any information that he might have been able to obtain from observing them that would have assisted in his defense. A determination of prejudicial error by this Court would require some showing that Appellant's unobstructed observation would have affected the substance and credibility of the child witnesses. There has been no such showing. Accordingly, the error was harmless. For the foregoing reasons, the judgment is affirmed.

All sitting. All concur.

---

**10.** *Wardia v. Com.,* 2006 WL 734010 (Ky. 2006).