RENDERED: JUNE 14, 2018
TO BE PUBLISHED

# Supreme Court of Kentucky

2016-SC-000594-MR

DARRIN WALKER                                     APPELLANT

V.                     ON APPEAL FROM KENTON CIRCUIT COURT
HONORABLE PATRICIA M. SUMME, JUDGE
NO. 15-CR-00157-001

COMMONWEALTH OF KENTUCKY                   APPELLEE

## OPINION OF THE COURT BY JUSTICE CUNNINGHAM

## AFFIRMING

Appellant, Darrin Walker, sexually assaulted Hannah Morris[1] on numerous occasions from 2005 through 2011. The individual instances of assault involved Appellant touching Hannah's vagina and placing his penis in her mouth. She was seven to eight years old when these events occurred. Appellant also raped Hannah when she was approximately twelve years old. Hannah's grandmother, Lois Jones, was Appellant's girlfriend. At the time of

---

[1] Pseudonyms are being used to protect the anonymity of the child victim and witnesses.

the crimes, Appellant, Lois, and Hannah lived together in a home in Covington, Kentucky and eventually in an apartment in Erlanger, Kentucky.

Law enforcement officials discovered this information concerning Appellant's sexual assault after Hannah disclosed this information to a therapist. As a result, Hannah was interviewed at the Children's Advocacy Center (CAC) in October, 2014. Appellant was subsequently arrested on eight counts of first-degree sodomy and one count of first-degree rape. Appellant was tried in Kenton Circuit Court. Lois was also charged with one count of an unlawful transaction with a minor.

The jury convicted Appellant of four counts of first-degree sodomy and one count of first-degree rape. The trial court directed a verdict for the other four counts of first-degree sodomy. The court adopted the jury's recommendation and sentenced Appellant to life imprisonment on each sodomy conviction and twenty years' imprisonment for the rape conviction. His sentences were ordered to be served concurrently. Appellant now appeals his judgment and sentence as a matter of right pursuant to § 110(2)(b) of the Kentucky Constitution.

## Confrontation

For his first argument, Appellant alleges that his Sixth Amendment right to confront witnesses was violated when the prosecutor, with the court's permission, used a television cart to block him from viewing Hannah during trial. We review for an abuse of discretion. *Kurtz v. Commonwealth*, 172 S.W.3d 409, 411 (Ky. 2005). An abuse of discretion occurs when the court's

2

decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

Hannah was called as the Commonwealth's first witness. She was seventeen years old at the time of trial. She testified for approximately five minutes in full view of Appellant. When the Commonwealth started asking questions concerning the specific details of the sexual assault, Hannah began crying and placed her head on the witness stand. After a brief recess for Hannah to attempt to compose herself, the trial resumed. At that time, the prosecutor approached the bench and informed the judge that she was moving a television cart to block the direct line of sight between Hannah and Appellant. Defense counsel was present and made no objection at that time. After Hannah continued her testimony for approximately one minute, defense counsel objected to the placement of the cart alleging a violation of Appellant's right to confront witnesses under the Sixth Amendment Confrontation Clause.

Appellant specifically argues that the trial court's actions here violated KRS 421.350. KRS 421.350 only applies to child witnesses who are twelve years old or younger. *See Sparkman v. Commonwealth*, 250 S.W.3d 667, 669 (Ky. 2008). Hannah was seventeen at the time she testified. Therefore, KRS 421.350 is inapplicable. However, KRS 26A.140 does apply. It provides in pertinent part as follows:

> (1) Courts shall implement measures to accommodate the special needs of children which are *not unduly burdensome* to the rights of the defendant, including, but not limited to:

3

. . .

> (d) In appropriate cases, procedures shall be used to shield
> children from visual contact with alleged perpetrator.

KRS 26A.140(1)(d) (emphasis added).

"Unduly burdensome" is a difficult standard to satisfy. It implies that the contested action is a burden to the challenging party. However, such burden must be "undue." A similar standard, at least in principle, is the "unduly prejudicial" standard articulated in KRE 403. Under that rule, evidence is only excluded when prejudice rises to a level of impropriety or is likely to invoke hostility. *See, e.g., Dixon v. Commonwealth,* 149 S.W.3d 426, 431 (Ky. 2004). By analogy, a burden is "undue" only when the defendant's rights are negatively and materially impacted by the contested action. Such is not the case here.

Although the trial court in the present case did not specifically use the phrase "unduly burdensome" when addressing the confrontation issue, the trial court's oral findings correctly indicated that the right of confrontation is not absolute and that the Sixth Amendment "does not mean someone gets to stare at you the entire time the something's going on . . . ." The court also noted that Appellant could clearly hear Hannah's testimony. Lastly, the court stated that the accommodation was due to the fact that "[Hannah] just had a breakdown . . . ." We find that the trial court's reasoning was sufficient to establish that its action was not "unduly burdensome to the rights of the defendant" pursuant to KRS 26A.140.

4

We also note that Appellant does not argue that this slight accommodation by the trial court in any way interfered with his right to confer with his counsel or his right to cross-examine the witness. As we stated in *Sparkman*, "the primary right secured by the Confrontation Clause is that of cross-examination." *Sparkman*, 250 S.W.3d at 669 (citing *Ohio v. Roberts*, 448 U.S. 56 (1980)). Therefore, even if we assume that this issue was properly preserved considering defense counsel's belated objection, we cannot say that the trial court abused its discretion here.

## Witness Testimony

For his next several issues, Appellant alleges that the trial court erred by permitting certain testimony. We review the trial court's ruling on these evidentiary issues for an abuse of discretion.

### *KRE 404(b)*

Hannah testified that Appellant had sexually abused her on a prior occasion in Ohio. Clearly, Appellant was not charged for this in Kentucky, and, therefore, it was not an issue to be proven by the Commonwealth at trial. Appellant argues that the trial court erred by permitting this testimony because it constitutes impermissible prior bad act evidence under KRE 404(b). As the Commonwealth correctly notes, however, evidence of prior instances of sexual assault against a child victim constitutes a well-recognized exception to KRE 404(b). *E.g., Harp v. Commonwealth*, 266 S.W.3d 813, 822 (Ky. 2008).

Although this exception is subject to limitation, the testimony at issue here was relevant and probative. Moreover, we cannot say that it was unduly

5

prejudicial. KRE 403. Therefore, the trial court did not abuse its discretion here.

### Jail Phone Calls

Appellant also takes issue with the testimony of Appellant's girlfriend, Lois Jones. Lois was the only witness who testified in Appellant's defense. During the Commonwealth's cross-examination, she mentioned that she had spoken with Appellant while he was in jail. Defense counsel objected on the basis that the reference to Appellant's incarceration was prejudicial. Counsel did not request an admonition.

To be clear, the subject of jail was not raised by the Commonwealth, but rather volunteered by Lois. Furthermore, the purpose of the Commonwealth's line of questioning was to elicit information from Lois concerning threats Appellant made towards Hannah. There was no error here.

### Bolstering Testimony

Appellant also contends that the testimony of multiple witnesses was either irrelevant or presented to impermissibly bolter Hannah's testimony. These issues are properly preserved. Before addressing these claims on the merits, it is necessary to provide some brief background information.

Defense counsel questioned Hannah regarding the allegedly inconsistent statements between her testimony and what she stated in her interview at the CAC. Defense counsel also questioned Hannah concerning her motive for disclosing the abuse in an apparent attempt to challenge her claims. Indeed, Appellant's trial strategy was to impeach Hannah's credibility.

6

To rebut this line of questioning, Erlanger Police Detective Tom Loos testified that Hannah's trial testimony was consistent with what she told the medical professionals at CAC. Appellant argues that this was impermissible. As the Commonwealth correctly notes, however, such evidence is inadmissible unless "offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive[.]" KRE 801A(a)(2). *See also Chames v. Commonwealth*, 405 S.W.3d 519 (Ky. App. 2012). In *Chames*, the court concluded that an investigating detective's testimony was properly admitted in rebuttal to a claim that the child victim's testimony was recently fabricated or was the product of improper motive. *Id.* at 524.

Detective Loos was also asked by the Commonwealth whether Hannah made any statements at the hospital about "the first time something occurred." In response, Detective Loos repeated what Hannah told the CAC staff concerning the sexual assault that occurred during a camping trip when Hannah was four years' old. Defense counsel objected, which was sustained by the court. Detective Loos continued, however, describing several different sex acts that Hannah recalled during her CAC interview.

Appellant also takes issue with the testimony of Hannah's aunt, Amber Jones. Amber testified that Hannah told her some information about Appellant and that Hannah was "nervous" at the time. She did not testify to any details of their conversation. Hannah's cousin, Tanya, testified that she received a text message from Hannah concerning Appellant. She did not disclose the details of the sexual abuse or any other details about what Hannah told her.

7

Tanya's mother, Raylene Wright, testified that she received a phone call from Lois sometime within the past several years and that Lois was "very belligerent" during the call.

We agree with Appellant that the relevancy of some of the preceding testimony is questionable. More specifically, the nexus between some of these disputed communications and the crimes is somewhat unclear. However, Tanya, Raylene, and Amber testified very briefly in what appears to be an attempt by the Commonwealth to rehabilitate Hannah's credibility after defense counsel cross-examined her. Their passing comments lacked substance. Any error that occurred was harmless.

Hannah's testimony was detailed and cogent. She discussed numerous occasions when Appellant abused her. Appellant called only one witness in his defense—Lois Jones. There is no way that the jury was swayed by any arguably irrelevant or "bolstering" testimony that may have entered the record here. *See Winstead v. Commonwealth,* 283 S.W.3d 678, 688-89 (Ky. 2009) ("A non-constitutional evidentiary error may be deemed harmless . . . if the reviewing court can say with fair assurance that the judgment was not substantially swayed by the error.").

And although Detective Loos' testimony included hearsay that exceeded the bounds permitted under KRE 801A(a)(2), this error does not require reversal. It is doubtful that the outcome would have been different here but for the disputed portion of Detective Loos' testimony.

## Cumulative Error

Lastly, Appellant argues that his conviction should be reversed based on cumulative error. Under this limited doctrine, we will reverse only when the "individual errors were themselves substantial, bordering, at least, on the prejudicial." *Brown v. Commonwealth*, 313 S.W.3d 577, 631 (Ky. 2010). Any error that may have occurred in this case was certainly insufficient "to create a cumulative effect which would mandate reversal for a new trial." *Tamme v. Commonwealth*, 973 S.W.2d 13, 40 (Ky. 1998). Therefore, Appellant's cumulative error argument fails.

## Conclusion

For the foregoing reasons, we hereby affirm the judgment of the Kenton Circuit Court.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Erin Hoffman Yang
Assistant Public Advocate

COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Mark Barry
Assistant Attorney General