## Taliaferro v. Commonwealth.

(Decided December 3, 1912.)

### Appeal from Todd Circuit Court.

1. Evidence—Admissibility of.—On a trial for rape it was not error to deny the defendant the right to read as evidence the affidavit for the warrant of arrest, both of which charged the accused with taving taken and detained the prosecutrix against her will and consent with the intention of having carnal knowledge with her.
2. Rape—Evidence—Sufficiency of.—The court properly instructed the jury as to what constituted rape, and the prosecutrix testified that accused had "intercourse" with her, &c. Evidence held sufficient to meet requirement of instruction.
3. Verdict—Evidence.—Evidence examined and found sufficient to support the verdict fixing the death penalty.

C. A. DENNY for appellant.

JAMES GARNETT, Attorney General, and D. O. MYATT, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellant was tried upon a charge of rape and the death penalty was inflicted. He asks a reversal because, as he claims, he did not have a fair and impartial trial for two reasons: First, "because the evidence is not of a positive and certain character as to justify a verdict of death;" second, "because the court erred in rejecting certain testimony which was pertinent to the cause and was competent." Other reasons were assigned in the grounds for a new trail, but are without merit and are not referred to in appellant's brief. Only two grounds for a reversal are discussed in appellant's brief and those are the two above copied. The second reason assigned is based upon the court's refusal to allow the affidavit for and the warrant of arrest upon which he was arrested, to be read to the jury as evidence.

The facts are as follows: It appears that on April 3, 1912, the day the offense is alleged to have been committed, J. N. Penick, a deputy sheriff of the county, made an affidavit upon which a warrant was issued for

the arrest of appellant; that both the warrant and affidavit charged appellant with having unlawfully taken and detained Mrs. Robertson against her will and consent with the intention to have carnal knowledge of her, and appellant offered to read this warrant and affidavit to the jury, but objections were made and sustained by the court. This is the only rejected evidence appearing in the record, and, in our opinion, the court did not err in rejecting it. Mrs. Robertson, the prosecuting witness, was not asked if she had anything to do with obtaining the affidavit or warrant; nor was she asked if she saw Penick after the alleged rape and before the affidavit was made and the warrant issued; nor was she asked if she gave Penick, the deputy sheriff, any information in regard to the matter in any way, before the affidavit was made. There is no testimony in the record of any character showing when or how the deputy sheriff obtained the information upon which to make the affidavit; nor is there the slightest evidence that any witness in the case had any information of the contents or of the making of the affidavit or of the issuance of the warrant. The deputy sheriff who made the affidavit and the justice who issued the warrant could have been introduced, and they might have shown a state of facts which would have affected the credit of some of the Commonwealth's testimony, but neither of them was introduced. We presume the affidavit upon which the warrant of arrest was issued, was founded upon rumor.

The question of insufficient evidence to authorize the verdict, in short, is this: In the first instruction the court told the jury that before they could find the appellant guilty of the crime of rape, they should believe from the evidence beyond a reasonable doubt that the male organ of appellant made an entry into the female organ of the prosecuting witness. The prosecuting witness testified that appellant grabbed her, threw a quilt around her head, choked her, took out his organ and had intercourse with her, and that she knew he had an emission for she afterwards found it upon her person.

Appellant contends that this evidence is not sufficient for the reason that the witness did not state that there was any entrance of his organ into hers. He says that the word "intercourse," as used by her was insufficient to meet the requirements set forth by the court in the instructions. This witness was a married

woman and the jury was composed of men of families; therefore, she and the members of the jury knew what the word "intercourse" meant when used in the connection she used it. We cannot say that the evidence is insufficient to justify the verdict of the jury. The statute authorized the jury to fix the death penalty upon appellant if it believed beyond a reasonable doubt that he committed the crime of rape upon Mrs. Robertson. The crime for which he was convicted was revolting and he should suffer the penalty.

For these reasons, the judgment of the lower court is affirmed.