**Eddie L. MARTIN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

98–SC–0374–MR.

Supreme Court of Kentucky.

Nov. 18, 1999.

As Modified on Denial of Rehearing Feb. 24, 2000.

Julie Namkin, Assistant Public Advocate, Department of Public Advocacy, Frankfort, for Appellant.

A.B. Chandler III, Attorney General, John E. Zak, Assistant Attorney General, Criminal Appellate Division, Frankfort, for Appellee.

WINTERSHEIMER, Justice.

This appeal is from a judgment based on a jury verdict which convicted Martin of one count of second degree escape and one count of being a first degree persistent felony offender. He was sentenced to a total of twenty years in the penitentiary.

The sole issue is whether a directed verdict of acquittal should have been granted on the first degree persistent felony offender charge.

Martin was being held at the Allen County Detention Center pursuant to a fourth degree assault charge, along with other outstanding warrants. Sometime during the night of October 2, 1996, Martin and two other inmates escaped from their jail cell. All three escapees were recaptured the next morning.

Prior to his trial, Martin's request to proceed *pro se* was granted by the trial court. He was designated standby counsel. The trial, which commenced on March 11, 1998, took place in two parts. In the guilt phase, the Commonwealth presented evidence concerning Martin's guilt in committing the crime of second degree escape. The jury found him guilty of this charge.

Following Martin's conviction of second degree escape, a combined persistent felony offender and truth in sentencing phase was held. The Commonwealth offered the testimony of the Allen County Deputy Circuit Clerk and the Barren Circuit Court Clerk, both of whom testified to Martin's prior convictions in their respective counties. The Allen County Deputy testified that in 1984 Martin was convicted of second degree criminal possession of a forged instrument and sentenced to one year in the penitentiary. In addition, he pled guilty to second degree escape and was sentenced to one year in the penitentiary. She stated that final judgment for both offenses was entered on November 8, 1984, and the sentences were ordered to run consecutively. She further testified that Martin was convicted of possession of a handgun by a convicted felon and disorderly conduct and was sentenced to six years in the penitentiary. She stated that final judgment was entered on November 19, 1996.

Next, the Barren Circuit Court Clerk told the jury that Martin had three felony convictions in Barren County. According to the Clerk, Martin pled guilty to possession of a handgun by a convicted felon and was sentenced to one year in the penitentiary. She testified that final judgment

was entered on February 2, 1994. The following colloquy then occurred between her and the Commonwealth:

Commonwealth: Thank you. As of October 2nd, 1996, had Mr. Martin completed service of that sentence?

Clerk: Sir I do not know that. That's probation and parole, I would not know whether he, I just have the indictment and the conviction, I mean the judgment.

Commonwealth: But he was

Clerk: He was sentenced so I'm sure that he was served out his one year.

Commonwealth: So if he would've served out his time he would've finished by October 2nd?

Clerk: Yes sir.

The Circuit Clerk then read from Indictment No. 94–CR–00010, which charged Martin with first degree arson, third degree criminal mischief and terroristic threatening. The offenses occurred on December 4, 1993, while Martin was incarcerated in the Barren County Correctional Center. Martin pled guilty to third degree arson, third degree criminal mischief and terroristic threatening and was sentenced to one year in the penitentiary to run consecutively to the sentence on the hand gun charge. The Commonwealth then asked her: "And if he would have served out the sentence would it have been completed by October 2, 1996?" She replied, "Yes sir." She further testified that Martin pled guilty on March 13, 1995 to trafficking in a controlled substance within 1000 yards of a school. She stated that final judgment for this offense was entered on February 24, 1995.

At the conclusion of the Commonwealth's proof, standby counsel for Martin moved for a directed verdict of acquittal claiming that the Commonwealth failed to put on any evidence that he completed his sentence or his period of parole or probation within five years of the date of the charged offense, October 2, 1996. The trial judge overruled the motion.

The jury found Martin guilty of being a first degree persistent felony offender. His punishment was fixed on the second degree escape charge at the maximum of five years and enhanced to the maximum of twenty years due to the first degree persistent felony offender conviction. This appeal followed.

Martin argues that the trial court erred to his substantial prejudice and denied him due process of law when it overruled his motion for a directed verdict of acquittal on the first degree persistent felony offender charge. He contends that the Commonwealth failed to prove beyond a reasonable doubt that he completed service of the sentence on one of the prior convictions no more than five years before October 2, 1996. We do not agree.

KRS 532.080(3) provides in pertinent part:

... a previous felony conviction is a conviction of a felony in this state provided:

(c) That the offender:

1. Completed service of the sentence imposed on any of the previous felony convictions within (5) years prior to the date of the commission of the felony for which he now stands convicted; or

2. Was on probation, parole, conditional discharge, conditional release, furlough, appeal bond, or any other form of legal release from any of the previous felony convictions at the time of the commission of the felony for which he now stands convicted; or

3. Was discharged from probation, parole, conditional discharge, conditional release, or any other form of legal release on any of the previous felony convictions within five (5) years prior to the date of commission of the felony for which he now stands convicted; ..

██ In this case, the prosecution offered direct evidence at trial indicating that Martin had been convicted of two or more prior felonies and had served out the sentences of one of those felonies within

five years of the commission of the felony for which he now stands convicted.

Martin was convicted during the guilt phase of his trial of felony second-degree escape. During the penalty phase, the prosecution offered the testimony of both the Allen County Deputy Circuit Clerk and the Barren County Circuit Clerk regarding his prior felony convictions. The Allen County Deputy Clerk provided evidence that Martin had been convicted of two separate felony charges prior to October 2, 1996. The Barren County Circuit Clerk testified that Martin had been convicted of, or plead guilty to, three separate felonies prior to October 2, 1996. Therefore, the Commonwealth proved by sufficient evidence that Martin had been convicted of at least two felonies prior to the conviction of the felony of October 2, 1996.

The Clerk testified that Martin had been charged with first-degree arson, third-degree criminal mischief and terroristic threatening arising from an incident on December 4, 1993. According to her testimony, this incident occurred while Martin was incarcerated in the Barren County Correctional Center. This evidence, along with prior testimony concerning his guilty plea on December 20, 1993, to possession of a handgun by a convicted felon, a Class C felony, provided the necessary evidence that Martin was incarcerated and serving out his sentence on a prior felony conviction as of December 25, 1993. Therefore, Martin fell under the requirements of KRS 532.080(3).

Martin argues that ·Davis v. Commonwealth, Ky., 899 S.W.2d 487 (1995), requires that his conviction be reversed. We disagree because this case is factually different from Davis, supra, and the underlying case of Hon v. Commonwealth, Ky., 670 S.W.2d 851 (1984), should be overruled in part.

In Davis, a detective from the Commonwealth Attorney's office gave testimony regarding the prior convictions. This Court reversed the PFO conviction, stating that

the only evidence regarding whether he met the requirements of KRS 532.080(3)(c) was testimony from a witness who admitted that he had no knowledge of such status. We held that: "The Commonwealth must prove all the requirements of KRS 532.080 beyond a reasonable doubt and could not by inference or guesswork, confer persistent felony offender status on anyone."

Here, the prosecution's witness was the Barren Circuit Clerk who testified that Martin was incarcerated and serving a sentence on a previous felony conviction within five years of the commission of his October 2, 1996 felony. The Clerk read directly from the Barren Circuit Court record which stated that Martin was indicted for committing arson within the Barren County Correctional Center by setting fire to his bed sheets on December 4, 1993.

In addition, the record in this case is not entirely silent as it was in *Davis* as to the probationary status of Martin. The Clerk read the record of Martin's arson indictment directly to the jury, and it demonstrated that Martin was incarcerated and serving a sentence for a prior felony conviction on December 4, 1993, well within the five years of the commission of a felony for which he now stands convicted, which was October 2, 1996.

■ *Kendricks v. Commonwealth*, Ky., 557 S.W.2d 417 (1977), upheld a persistent felony offender conviction where the evidence specifically failed to establish that the appellant was 18 years old at the time of the commission of the prior felonies. Other evidence did establish the date of his birth and the dates of both previous convictions were established. *Kendricks, supra,* declared that this evidence was sufficient to give rise to an inference that he was over 18 at the time he committed each of the offenses. *Kendricks* was overruled by *Hon* in 1984, which stated in part that the requirements of the statute were that the Commonwealth must prove beyond a reasonable doubt, and could not by infer-

ence or guess work, confer persistent felony status on anyone. The difference between a reasonable inference and "guess work" is sufficiently strong to allow this Court to return to the standards enunciated in *Kendricks.*

■ We held that in *Kendricks* that the totality of the evidence is such that the circumstances allow the jury to conclude that the prior offenses were committed after the defendant had reached the age of 18. In that case, the defendant's counsel had not objected concerning the age question. An inference is the act performed by the jury of inferring or reaching a conclusion from facts or premises in a logical manner so as to reach a conclusion. A reasonable inference is one in accordance with reason or sound thinking and within the bounds of common sense without regard to extremes or excess. It is a process of reasoning by which a proposition is deduced as a logical consequence from other facts already proven. Guesswork, on the other hand, is the process of making a judgment without adequate information, or to conjecture, or to speculate.

In this case, the direct evidence established PFO status beyond a reasonable doubt and the jury decision as to the PFO charge was based on a reasonable inference which was a logical consequence of the evidence presented to it. The evidence here was properly admitted. Our previous decision in *Hon v. Commonwealth* is overruled to the extent that it degrades the standard of a reasonable inference to that of guess work. A reasonable inference is sufficient to meet the requirements of the PFO statute. The evidence presented in this case is sufficient to comply with that standard and the standard of the statute.

That part of *Crawley v. Commonwealth,* Ky., 568 S.W.2d 927 (1978), which holds that a reasonable inference cannot be made is limited to the specific facts of that case and is not to be otherwise relied on.

The Commonwealth still has the burden of proof as to every element of the PFO status beyond a reasonable doubt.

The evidence presented at the guilt phase was sufficient to affirm the escape conviction.

Therefore, the judgment of conviction is affirmed in all respects.

GRAVES, KELLER, STUMBO and WINTERSHEIMER, JJ., concur.

COOPER, J., files a separate opinion concurring in result only, in which LAMBERT, C.J., and JOHNSTONE, J., join.

COOPER, Justice, concurring.

I concur wholeheartedly with the result reached by the majority in this case. However, I would not characterize the Commonwealth's evidence as merely creating "a reasonable inference" that Appellant completed service of sentence or was discharged from parole or probation for at least two of his prior felonies within five years of the commission of this offense. The Commonwealth proved that the *judgments* of conviction and sentences in at least two of Appellant's prior offenses were *entered* less than five years before the commission of this offense. Thus, it would have been impossible for him not to have completed service of his sentence or to have been discharged from parole or probation less than five years before the commission of this offense. In fact, one of those prior offenses was *committed* less than five years before the commission of this offense—and it was committed while Appellant was imprisoned and serving his sentence for another offense. Such evidence is not merely inferential in nature. It is direct evidence which proves the proposition in question beyond any reasonable doubt.

LAMBERT, C.J., and JOHNSTONE, J., join this concurring opinion.