Patrick Cornelius **MOODY**, Appellant,

v.

**COMMONWEALTH of Kentucky**, Appellee.

No. 2004–SC–0341–MR.

Supreme Court of Kentucky.

Aug. 25, 2005.

Willie E. Peale, Jr., Frankfort, Counsel for Appellant.

Gregory D. Stumbo, Attorney General, James Havey, Assistant Attorney General, Office of Attorney General, Criminal Appellate Division, Frankfort, Counsel for Appellee.

GRAVES, Justice.

A jury of the Christian Circuit Court convicted Appellant of First Degree Trafficking in a Controlled Substance, First Offense, Cocaine, and of being a First Degree Persistent Felony Offender for which he was sentenced to a total of twenty years imprisonment. Appellant now appeals to this Court as a matter of right. Ky. Const. § 110(2)(b). For the reasons set forth herein, we affirm Appellant's convictions.

On November 9, 2001, Appellant was alleged to have been videotaped by a confidential informant who was working for the

Hopkinsville Police Department.[1] The informant testified that she bought crack cocaine from Appellant. The detective who employed the informant stated that she left with cash and returned with crack cocaine. He also testified that he searched the informant and her van prior to giving her money to buy drugs and that he maintained eye contact with the informant up to the point when she entered the targeted residence. Other witnesses also testified for the Commonwealth and their testimony will be recounted herein as necessary.

Appellant testified on his own behalf, stating that when the informant entered the residence, he was breaking up buds of marijuana in a bag. He testified that while he was doing this, he answered his cellular telephone and as he was talking to the caller, the informant took some of the buds. He did not recall her leaving any money. Appellant's companion at the time of the incident, Melvin Dixon, testified that Appellant did not have crack cocaine on his person the day he was alleged to have sold it to the informant.

The jury returned verdicts of guilty on both counts submitted to it. Appellant asserts several assignments of error upon which he requests relief. We address each assignment of error in turn.

## I. ALLEGED VIOLATIONS OF DISCOVERY ORDER

Appellant first asserts several errors regarding alleged violations of the trial court's discovery order in this case. He contends the trial court erred when it failed to grant him a thirty-day extension of time or, alternatively, to dismiss the indictment as a sanction for the Commonwealth's failure to timely disclose the identity of the confidential informant pursuant to a previously issued discovery order.

Upon Appellant's request, the previously issued discovery order directed the Commonwealth to disclose the identity of the confidential informant at least thirty days prior to trial. The prosecutor argued that he sent a written memorandum to Appellant's counsel shortly after the discovery order was entered (approximately six months prior to trial) disclosing the informant's identity in another case. It was at that time, the prosecutor stated, that he verbally informed Appellant's counsel that she was also the informant in Appellant's case. Appellant's counsel stated that he did not recall having any discussions with the prosecutor regarding this case during the past six months and first recalled being told the name of the confidential informant the Friday before the trial was scheduled to start on a Monday morning. The trial court determined that both sides were at fault and decided to grant Appellant, who had requested a thirty-day extension, a three-day extension of time in order to perform any additional investigation regarding the identity of the confidential informant.

The parties returned three days later, and on that morning Appellant filed a *pro se* motion to dismiss the indictment. Appellant stated that he asked his attorney thirty days prior to trial for the identity of the informant and the attorney stated that

1. Notably, neither Appellant nor the Commonwealth designated the videotape as part of the record on appeal. Since neither party found it necessary for us to view or consider this tape, we will presume the videotape is not essential to this decision and accordingly, will not consider it as substantive evidence for the purposes of this appeal. *See* CR 75.01 and CR 75.05 ("No party shall designate any matter not essential to the decision of the questions presented by the appeal."); *see also, Humana of Kentucky, Inc. v. McKee,* 834 S.W.2d 711, 723 (Ky.App.1992) (court would be unable to determine issue where parties failed to designate essential evidence for the appellate record.).

he had not yet been provided with the informant's name. Appellant alleged the information was knowingly withheld by the prosecutor, which the prosecutor denied. Appellant's counsel conceded that he did not contact the prosecutor to follow up on the discovery order thirty days prior to trial, but stated that it was incumbent upon the Commonwealth to furnish the informant's identity pursuant to his initial request without further prompting by defense counsel. At this time, the trial judge summarized both parties' versions of what happened and made a finding that the prosecutor had indeed informed Appellant's counsel of the informant's identity six months prior and that such notice was sufficient to comply with his discovery order.

■ Appellant's primary argument is that the trial court erred when it determined that the Commonwealth actually disclosed the information thirty days prior to trial. A trial court's findings of fact regarding motions by the parties are reviewed pursuant to a clearly erroneous standard. CR 52.01. CR 52.01 states that "due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." In this case, the trial court made a credibility determination regarding whether the prosecutor actually informed Appellant's counsel regarding the informant's identity despite the attorney's inability to recollect the conversation. The trial court determined that he did and we, in turn, find no clear error in this determination.

■ The trial court also concluded that, under the circumstances, such verbal disclosure was sufficient to comply with the discovery order's notice requirement. Appellant does not present any contrary arguments regarding this conclusion and as such, for the purposes of this appeal, we will assume the trial court's conclusion was correct. *See Elwell v. Stone,* 799 S.W.2d 46, 48 (Ky.App.1990) (declining to address any issues not presented in accordance with CR 76.12(4)(c)). Given the trial court's undisputed conclusion that verbal disclosure was sufficient to satisfy his discovery order's notice requirement, we find no basis for Appellant's motion to dismiss the indictment due to the Commonwealth's failure to comply with the discovery order.

■ Appellant argues the trial court abused its discretion, nonetheless, when it refused to grant him a trial continuance beyond three days in order to further investigate the informant's background. *See* RCr 9.04 ("granting of a [trial] continuance is in the sound discretion of the trial judge"). Specifically, Appellant contends he was prejudiced because he did not have enough time to investigate the informant's criminal record or to investigate the existence of any deals or agreements she might have made with the prosecutor. Despite his counsel's failure to remember his conversation with the prosecutor or to follow up earlier regarding the informant's identity, the record indicates that Appellant's attorney had been familiar with this particular informant for more than six months (due to her involvement in another case). Further, the prosecutor stated that no deals or agreements had been made with the informant other than receiving financial compensation for participating in the "controlled buys." After considering the totality of the circumstances, we find no abuse of discretion by the trial court when it refused to grant a longer continuance. Likewise, we also reject Appellant's argument that this situation constituted prosecutorial misconduct which rises to the level of depriving him of a fair trial. *Stopher v. Commonwealth,* 57 S.W.3d 787, 805 (Ky.2001) ("Any consideration on appeal of alleged prosecutorial misconduct must center on the overall fairness of the trial.")

■ Appellant also argues that another provision of the discovery order was violated when Appellant was not given the opportunity to view the videotape until three days before the actual trial. This argument was not raised before or ruled on by the trial court and accordingly, we will not address it. *Commonwealth v. Maricle*, 15 S.W.3d 376, 380 (Ky.2000).

■ Appellant lastly argues that the accumulated errors claimed above, along with other perceived errors claimed during the pendency of the trial, justified a mistrial. "A defendant's motion for a mistrial should only be granted where there is a manifest necessity for such an action or an urgent or real necessity." *Gosser v. Commonwealth*, 31 S.W.3d 897, 906 (Ky.2000) (quotation and citation omitted). We find no abuse of discretion in the trial court's denial of Appellant's mistrial motion at the start of trial.

## II. SUFFICIENCY OF THE EVIDENCE

Next, Appellant argues there was insufficient evidence to convict him of being a persistent felony offender pursuant to KRS 532.080. Specifically, he contends the Commonwealth failed to prove that he was over the age of eighteen at the time the prior offenses were committed and that the outcome of the fact situation in this case is directly controlled by the holding in *Hon v. Commonwealth*, 670 S.W.2d 851 (Ky.1984). We disagree.

In *Hon*, the Commonwealth attempted to prove the defendant was over the age of eighteen at the time a prior offense was committed by submitting evidence of the

following: (1) the defendant's birth date; and (2) the year of the prior conviction. *Id.* at 852. This evidence established that the defendant was twenty-two years old at the time of his prior conviction. *Id.* Pursuant to *Kendricks v. Commonwealth*, 557 S.W.2d 417 (Ky.1977), the Commonwealth argued that since he was twenty-two years old at the time of his prior conviction, it could be reasonably inferred by the jury that he was over the age of eighteen at the time the underlying offense was committed. *Id.* This Court overruled *Kendricks*, holding that such indirect evidence was not sufficient to prove the age element of KRS 532.080. *Id.* at 853. Rather, the *Hon* Court ruled that "in a proceeding under the persistent felony offender statute, the Commonwealth must prove by *direct evidence* that the defendant was at least eighteen years old at the time he committed the previous offenses ...." *Id.* (emphasis added).

However, sixteen years later, this Court overruled the strict direct evidence standard of proof enunciated in *Hon* and reinstated the general standards set forth in *Kendricks*.[2] *Martin v. Commonwealth*, 13 S.W.3d 232, 235 (Ky.2000). Accordingly, it is now acceptable for an offender's age at the time he committed prior offenses to be proven by both (1) direct evidence; and (2) indirect evidence so long as the indirect evidence is sufficient to create a reasonable inference that the offender was eighteen at the time he committed the underlying offense. *Id.*

■ In this case, Appellant simply states that the Commonwealth attempted to prove his age by submitting a certified

2. We note that *Kendricks* simply utilized the standard of proof necessary to withstand a directed verdict of acquittal, recognizing that determinations of guilt may be based on both direct and circumstantial (also known as indirect) evidence. *See, e.g., Baker v. Commonwealth*, 860 S.W.2d 760, 761 (Ky.1993) (citing *Pruitt v. Commonwealth*, 490 S.W.2d 486, 488 (Ky.1972), *Hollowell v. Commonwealth*, 492 S.W.2d 884 (Ky.1973), and *Rains v. Commonwealth*, 293 Ky. 429, 169 S.W.2d 41 (1943)).

copy of a judgment of conviction which contained his birth date and the date of conviction. He argues that such evidence is *per se* insufficient, pursuant to *Hon,* to prove his age at the time he committed the underlying offense. We disagree. As we just explained, *Hon* was overruled to the extent that it required direct evidence regarding proof of age at the time the offender committed the underlying offense. Accordingly, such indirect evidence *can be* sufficient to withstand a motion for directed verdict so long as it meets the minimum standards of proof set forth in *Kendricks* (which is simply the standard of proof for determining the sufficiency of the evidence in any criminal case, *see Commonwealth v. Benham,* 816 S.W.2d 186, 187–88 (Ky. 1991)). Pursuant to the general standards re-established in *Martin,* we must review the evidence in each case to determine whether it is sufficient, when considered in the light most favorable to the Commonwealth, for a reasonable jury to fairly find guilt beyond a reasonable doubt. *Benham, supra,* at *Id.; see also Howell v. Commonwealth,* 163 S.W.3d 442, 448 (Ky. 2005).

Yet, once again, neither the Commonwealth nor Appellant saw fit to designate the certified judgments for our review as part of the record in this appeal. In *Com-*

*monwealth v. Thompson,* 697 S.W.2d 143, 145 (Ky.1985) this Court warned:

> We will not engage in gratuitous speculation as urged upon us by appellate counsel, based upon a silent record. It has long been held that, when the complete record is not before the appellate court, that court must assume that the omitted record supports the decision of the trial court.

Accordingly, because we are provided with no evidence to suggest otherwise, we will assume the judgments do create a reasonable inference that Appellant was eighteen at the time he committed the prior offenses.[3]

Moreover, despite the absence of this evidence in the appellate record, Appellant himself testified at trial, admitting that he had been convicted of three prior felonies in federal court and stating that the felonies stemmed from activities which occurred between the years 1990 and 1999. The Christian Circuit Court judgment in this case indicates that Defendant's date of birth is December, 1970, and thus, by Appellant's own testimony, the earliest felony occurred no earlier than 1990, when he was nineteen or twenty years old. This evidence alone, without consideration of the certified judgments not contained in the appellate record, is sufficient to sup-

---

3. This case is distinguishable from our decision in *Mifflin v. Mifflin,* 2003–SC–857, 170 S.W.3d 387, 2005 WL 2043682, rendered August 25, 2005. In that case, the appellant brought forth sufficient evidence to support her claim that the trial court erred when it determined the ownership of a certain bank account. The appellee did not set forth any additional evidence contradicting appellant's evidence, but rather relied on the above presumption to support its argument that since the undesignated portions of the record were significantly more voluminous than the portion designated by the appellant, we were compelled to presume, as a matter of law, that the entirety of the undesignated record

provided contradictory support in favor of the trial court's decision. We rejected such a presumption, holding, instead, that in cases where the appellant sets forth sufficient evidence on the appellate record to support a conclusion of error by the trial court, it is incumbent upon the appellee to set forth evidence rebutting such a presumption of error.

In this case, Appellant claims error on a completely silent record, and as such, he has failed to set forth sufficient evidence to support a conclusion of error by the trial court. Accordingly, the presumption set forth in *Thompson, supra,* and *Colonial Life and Accident Insurance Co. v. Weartz,* 636 S.W.2d 891 (Ky.App.1982) is still valid in this case.

port a reasonable inference that Appellant was at least eighteen years old at the time the prior felonies were committed.

■ Appellant also argues there was insufficient evidence to support his conviction for trafficking in cocaine. The standard for determining the sufficiency of the evidence in a criminal case is set forth in *Benham, supra.* After careful review, we believe the record before us is sufficient to support Appellant's conviction for trafficking in cocaine.

## III. TESTIMONY OF KATHY HOLLENBECK

■ Appellant next submits he was denied his right of confrontation pursuant to both the United States and Kentucky Constitutions. During the penalty phase of the trial, the Commonwealth called Kathy Hollenbeck, Appellant's federal probation officer. The Commonwealth told the jury that because she worked for a United States district judge, she was prohibited by the judge from testifying about any matter other than Appellant's release date from federal custody. Accordingly, her testimony on direct examination was limited to stating Appellant's release date from federal custody. In lieu of asking any questions upon cross-examination, Appellant's counsel moved to strike Ms. Hollenbeck's testimony as a Confrontation Clause violation due to its limited scope as declared by the Commonwealth. The prosecutor argued that Appellant was not barred in any way from asking the witness questions, but that he would simply object for the record. Appellant's counsel stated that asking questions in that situation would be pointless. The trial court overruled Appellant's motion to strike.

■ "The trial court's decision whether to strike all or part of the witness's testimony is reviewed for abuse of discretion." *Adkins v. Commonwealth,* 96

S.W.3d 779, 789 (Ky.2003). Our rules provide that a trial judge may limit cross-examination with respect to those matters not testified to on direct examination. KRE 611. "When cross-examination is precluded only with respect to collateral issues, the Sixth Amendment does not require the court to strike the witness's testimony." *Combs v. Commonwealth,* 74 S.W.3d 738, 744 (Ky.2002). First, we note that cross-examination was not at all denied to Appellant in this case, and if it was, it was denied only with respect to collateral issues unrelated to those which were testified to on direct examination. Second, we find nothing apparent on the record to lead us to believe that the trial court abused its discretion in failing to strike the witness's limited testimony or that the "truth-seeking function of the court" was impaired in anyway. *Id.* at 743. As such, we find no abuse of discretion by the trial court regarding its refusal to strike Ms. Hollenbeck's testimony.

## IV. ADMISSION OF CERTIFIED COPY OF FEDERAL JUDGMENT

Finally, Appellant contends the trial court erred when it admitted into evidence a copy of a judgment of conviction from the United States District Court of Virginia which was certified as a true copy by the United States District Court of Paducah. He argues the document does not meet the requirements of KRE 902 or RCr 9.44 which require official documents to be certified by an official having legal custody of the record. We do not have enough evidence in the appellate record before us to determine whether the United States District Court of Paducah had legal custody over records generated by the United States District Court of Virginia. See our discussion in Part II, *supra.* However, even if the document's admission was in

error, the error was harmless since there was sufficient proof that Appellant was convicted of two other prior felonies. *See* KRS 532.080(3) (requiring proof of only two prior felonies in order to satisfy a conviction for persistent felony offender in the first degree).

For the reasons set forth above, the judgment of the Christian Circuit Court is affirmed.

All concur.